## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO
### Judge Philip A. Brimmer

Case No. 11-CV-517-WYD-KMT

MISTY BROWN and
MITCHEL BROWN,

Plaintiffs,

v.

ROBERT ALAN BROWN and
WELLS FARGO BANK, NATIONAL
ASSOCIATION

Defendant.

---

## STIPULATION AND PROTECTIVE ORDER

---

     Plaintiffs, Misty Brown and Mitchel Brown (collectively "Plaintiffs"), Defendant Robert Alan Brown ("Brown") and Defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), by and through their respective undersigned counsel, submit this Stipulation and Protective Order (Stipulation), as follows:

### STIPULATED PROTECTIVE ORDER

     1.    This Protective Order shall apply to any information, document, or thing subject to discovery in this action that may contain trade secrets, non-public information, or other confidential or proprietary business or financial information ("Confidential Information").

     2.    Confidential Information owned or controlled by a party, or owned or controlled by a third party providing discovery in this action under this Stipulation, may be designated as "Confidential." Such information, document, or thing may include, without limitation, testimony adduced at depositions upon oral examination pursuant to F.R.C.P. 30; written responses to interrogatories pursuant to F.R.C.P. 33; documents produced pursuant to F.R.C.P. 26 or F.R.C.P. 34; answers to requests for admissions pursuant to F.R.C.P. 36; testimony, documents, or things provided pursuant to F.R.C.P. 45; and any data, reports, opinions, or conclusions derived therefrom; and all information, documents, and things relating in any way to the substance of the foregoing, including but not limited to copies, summaries, or abstracts of the foregoing.

## CONFIDENTIAL INFORMATION

3.      The parties may designate as "Confidential" certain documents and information relating to this case, including, but not limited to the following: (a) financial information; (b) loan application information and related documentation; (c) loan servicing files; (d) various policies and procedures of banking, insurance, or mortgage lending entities, (e) customer information, including identity, account information, credit history, transaction history, or claims history, background check information and investigative information; (f) government or other reports provided under the expectation of confidentiality; and (g) contracts containing confidentiality provisions.

4.      A party or third party producing Confidential Information in this case ("Providing Party") may identify and protect such information by labeling or marking documents or things "CONFIDENTIAL."

5.      In the case of depositions upon oral examination, if counsel for a party or third party believes that questions or answers include Confidential Information, counsel shall so state on the record and shall request that all or a portion of the deposition transcript be designated as Confidential, and that it be maintained in a separate, sealed, and appropriately marked envelope. The reporter, who shall first have agreed to abide by the terms of this Stipulation pursuant to Paragraphs 7 and 8 below, shall include on the cover page of each sealed transcript, or portion thereof, the following:   "This transcript, or portions thereof, contains information subject to a Protective Order and shall be used only in accordance therewith."  When testimony designated as Confidential is elicited during a deposition, persons not entitled to receive such information under the terms of this Stipulation shall be excluded from the deposition.

6.      Confidential Information shall be treated in accordance with this Stipulation unless and until the Court rules to the contrary or the Providing Party agrees otherwise, or except as provided in Paragraph 14 of this Order.

7.      Unless and until the Court rules or the Providing Party otherwise agrees, access to or disclosure of Confidential Information shall be limited to:

(a)      The Court and its employees, with such information filed under seal (and kept under seal until further Order of the Court);

(b)      The attorneys for the party or parties in this litigation to whom such documents are produced, including outside trial counsel as well as in-house counsel, and the employees and office support staff of such attorneys;

(c)      The parties, or designated employees or representatives of the parties testifying at deposition, either individually or pursuant to F.R.C.P. 30(b)(6);

(d)     Independent experts or consultants for a party or under serious consideration for such engagement (together with their personnel) whose advice and consultation are being or will be used by such party in connection with this litigation;

(e)     Court reporters in connection with this litigation; and

(f)     Third party deponents, during the course of a deposition.

8.      Counsel desiring to disclose Confidential Information to any person to whom disclosure of Confidential Information is permitted pursuant to Paragraph 7(d) through 7(f) above shall obtain from each such person prior to the disclosure of any Confidential Information a signed undertaking in the form attached as **Exhibit A**.  Counsel shall prepare and maintain an accurate and complete listing of all Confidential Information disclosed to the identified person throughout the case, identifying each item individually.

9.      With regard to persons to whom disclosure of Confidential Information is permitted pursuant to Paragraph 7(b) and 7(c) above, counsel shall first obtain from each person a signed undertaking in the form attached as **Exhibit A**.  In lieu of a document-by-document listing of the Confidential Information intended for disclosure to the identified person, a general statement shall be provided indicating that, as a result of the person's status, it is anticipated this person will be provided with all Confidential Information adduced in this case.

10.     With regard to persons to whom disclosure of Confidential Information is permitted pursuant to Paragraph 7(e) and 7(f), the signed copy of the undertaking in the form attached as **Exhibit A** shall be provided to all counsel immediately before the deposition and shall become part of the transcript and record of the proceedings.

11.     With regard to persons to whom disclosure of Confidential Information is permitted pursuant to Paragraph 7(d) who are testifying experts pursuant to F.R.C.P. 26(a)(2), a signed copy of the undertaking in the form attached as **Exhibit A**, together with the itemized listing of the Confidential Information disclosed to the identified person shall be provided with the expert disclosure for each such expert.  The required listing shall be supplemented and provided to all counsel if further Confidential Information is provided to the testifying expert at any time subsequent to the expert disclosures.

12.     Nothing in this Stipulation shall require disclosure of information protected by the attorney-client privilege or work-product doctrine.  However, this Stipulation shall not preclude any party from contesting the applicability of the privilege or doctrine.

13.     The acceptance by a party of Confidential Information shall not constitute an admission or concession that, or permit an inference that, the Confidential Information is, in fact, confidential.  This Stipulation shall not prevent a party from moving for an Order that any Confidential Information is not, in fact, confidential.

14.     This Stipulation shall not prevent a party or third party from applying to the Court for relief or from applying to the Court for further or additional protective orders.

15.     Confidential Information may be used by the receiving party or any other permitted recipient only in connection with this litigation.    The restrictions on use of Confidential Information as set forth in this Stipulation shall survive the conclusion of this litigation.    After the conclusion of this litigation, the Court shall retain jurisdiction for the purpose of enforcing this Stipulation.

16.     Notwithstanding the provisions of Paragraphs 7 and 8 above, no later than ten (10) days following the conclusion of this litigation, including appeal, counsel providing Confidential Information to any person to whom the disclosure of Confidential Information is permitted pursuant to this Stipulation shall provide to all other counsel copies of all executed undertakings in the form attached as **Exhibit A** secured in this action from each and every person to whom disclosure of Confidential Information was made, together with a copy of the required listing of all Confidential Information provided to that party.

17.     No later than thirty (30) days following the conclusion of this litigation, including any appeal, a Providing Party must give written notice to any party receiving Confidential Information whether copies of all documents containing Confidential Information must be destroyed, with a certification of such destruction being delivered to the Providing Party.

18.     All persons to whom Confidential Information is provided subject to this Stipulation and who are bound by this Stipulation through the execution of the undertaking in the form attached as **Exhibit A** shall comply with all directives of the Providing Party with regard to return or destruction of the Confidential Information in their possession within ten (10) days after receiving such written notice and in either event shall not retain in their possession Confidential Information of any kind.

19.     Restrictions and obligations relating to Confidential Information shall not apply to any information which the parties agree, or the Court rules:

(a)     was or becomes public knowledge other than as a result of disclosure by the receiving party; or

(b)     has or shall come into the receiving party's legitimate possession independently of the Providing Party.

20.     Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any Confidential Information if the parties agree in writing or the Court rules that said person has already obtained possession thereof legitimately.

21.     A Party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the

objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Information to file an appropriate motion, within five (5) business days requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulation.

If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Stipulation until the Court rules on the motion.

If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information and shall not be treated as Confidential Information in accordance with this Stipulation.

The fact that information may come within the definition of Confidential Information set forth in Paragraph 1 above shall not preclude the Court from determining that the information shall not be subject to this Stipulation.  In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of persuading the Court that the contested documents and/or information should remain subject to this Stipulation.

22.     This Stipulation shall not affect or govern the use or admissibility of Confidential Information at trial.  Each party hereto shall be responsible for requesting appropriate relief from the Court regarding trial testimony and exhibits, including but not limited to further protective orders, trial management order provisions, motions in limine and/or objections.

**IT IS SO STIPULATED.**

    Dated:    November 21, 2011.


**SCOTT R. LARSON, P.C.**

s/_____
Scott R. Larson, Reg. No. 9439
1888 Sherman Street, Suite 415
Denver, CO  80203
Telephone:  (303) 861-0920
srlpc@aol.com
*Counsel for Plaintiffs*


**BROWN, BERARDINI &**            **ROGER EATON**
**DUNNING, P.C.**

s/_____       s/_____
Brian J. Berardini, Reg. No. 10406        Roger Eaton, Reg. No: 29547
2000 S. Colorado Blvd.                    31 Tennis Cr. NW
Tower Two, Suite 700                      Albuquerque, NM 87120
Denver, CO 80222                          Telephone:  (505) 264-9116
Telephone (303) 329-3363                  Roger2eaton@gmail.com
bberardini@bbdfirm.com                    *Counsel for Defendant Robert Alan Brown*
*Counsel for Defendant Wells Fargo Bank,*
*N.A.*


GOOD CAUSE APPEARING THEREFOR, IT IS SO ORDERED.

    DONE AND ENTERED THIS 21st DAY OF November, 2011.


    BY THE COURT:


    _____
    U.S. Magistrate Judge

**EXHIBIT A**

**PERSONAL UNDERTAKING REGARDING PROTECTIVE ORDER**

**I, _____ declare:**

1.     My address is _____.  My present occupation is _____.

2.     I have received a copy of the Stipulation and Protective Order ("Stipulation") issued in the matter of Misty Brown and Mitchel Brown v. Robert Alan Brown and Wells Fargo Bank, N.A., U.S. District Court, Civil Action No. 11-cv-517-WYD-KMT.  I have carefully read and understand the provisions of the Stipulation.

3.     I will comply with all of the provisions of the Stipulation.  I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Stipulation, and will not copy or use except for purposes of this litigation, any information designated as "CONFIDENTIAL" which I receive in this litigation, except to the extent that such Confidential Information is or becomes public information in accordance with the Stipulation.

4.     I will comply with Paragraph 13 of the Stipulation regarding the return or destruction of all Confidential Information in my possession following the conclusion of this litigation.

5.     I declare under penalty of perjury that the foregoing is true and correct and that this document is executed this _____ day of _____, _____, at _____.


_____
Signature


_____
Print Name

7