IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00517–WYD–KMT

MISTY BROWN, and
MITCHEL BROWN,

    Plaintiffs,

v.

ROBERT ALAN BROWN, an individual, and
WELLS FARGO BANK, NATIONAL ASSOCIATION, a foreign corporation,

    Defendants.

## ORDER

This matter is before the court on "Plaintiff Misty Brown's Motion for Protective Order" [Doc. No. 43, filed October 12, 2011]. "Robert Brown's Response to Motion for Protective Order" was filed on November 2, 2011 [Doc. No. 50], and Plaintiffs replied on November 11, 2011 [Doc. No. 54]. The matter is ripe for review and ruling.

The instant action was filed by the plaintiffs, who are the children of Defendant Robert Brown, against Wells Fargo Bank and Robert Brown seeking repayment of funds from an IRA originally held by Decedent Sharon Brown (grandmother of the plaintiffs and mother of defendant Robert Brown) at Wachovia Bank.[1]  Plaintiffs allege that Sharon Brown executed a

---

[1] Wachovia Bank is now known as Wells Fargo Bank, National Association (hereinafter "Wells Fargo").

Change of Beneficiary form on December 8, 2008, at a Wachovia branch bank officially changing the beneficiary of her IRA (hereinafter "the IRA") from her son Robert Brown to her grandchildren Misty Brown and Mitchel Brown.[2]  Sharon Brown died on June 26, 2010. Thereafter, Robert Brown approached Wells Fargo Bank and requested that the IRA be changed to his name and ownership.  Wells Fargo complied with this request.  The IRA remains at Wells Fargo in Robert Brown's name, although all funds have been frozen by the bank due to the pendency of this action.

This case has a lugubrious underlying history because, in addition to the alleged change of beneficiary for the IRA, Sharon Brown also left a Will, executed only days before her death, which attempted to leave all or most of her personal and real property to her grandchildren Misty and Mitchel, as opposed to her son, Robert.  Defendant Robert Brown challenged the Will and the competency of Sharon Brown in the Adams County Probate Court on August16, 2010. (Mot., Ex. A.)  The probate matter proceeded to trial on the issues of competency, intent, and undue influence, wherein Judge Leonard Plank, sitting in place of the trial judge, Vincent Phelps, issued an Order Sharon Brown competent and the Will valid and admitting it for probate.  (Mot., Ex. B.)  Based on Judge Plank's Order, it appears that the issues litigated in that action were the

---

[2] On September 27, 2011, the deposition of Anna Harris, the Branch Manager for Wachovia in December 2008, was taken along with the deposition of the Plaintiff Misty Brown. Ms. Harris admitted that she had handled the transaction wherein Sharon K. Brown executed the Change of Beneficiary. (Mot. at ¶¶ 7-8.)  Although the parties still are not in agreement about whether a lawful change of beneficiary was made on December 8, 2008, it is not disputed that a change of beneficiary form was not processed by Wachovia in its prescribed manner.  Nor is it disputed that Wells Fargo thereafter did not alert Robert Brown that Sharon K. Brown had executed a change of beneficiary form when he inquired in 2011.

competency and intent of the Testatrix Sharon K. Brown, and whether undue influence had been brought to bear against her with respect to disposition of her property. (*Id*.)

The issues in this case, however, do not involve the competency of Sharon Brown in 2008 or undue influence over Sharon Brown on or around December 8, 2008. This case involves whether a change of beneficiary was legally made by Sharon Brown at the Wachovia branch bank on December 8, 2008; whether Wachovia mishandled the directive of Sharon Brown, if any, to change the beneficiary on the IRA; whether Robert Brown knew, subsequent to his mother's death when he requested Wells Fargo to change ownership of the IRA to his name, that a change of beneficiary had been attempted by Sharon Brown on or about December 8, 2008; and whether Wells Fargo wrongfully transferred the IRA funds to Robert Brown, thus depriving the alleged rightful recipients of the IRA, Misty and Mitchel Brown, of the funds in the IRA account.

In the instant motion, Misty Brown seeks protection from questioning concerning the matters previously at issue in the probate matter. Misty Brown asserts that in the initial part of her deposition, counsel for Robert Brown asked questions about her relationship with Robert Brown and Robert Brown's ex-wife (mother of Misty Brown), the relationship between Sharon Brown and Robert Brown and the source of any ill-will between them, Robert Brown's move from Colorado to New Mexico, Misty Brown's My Space page when she was in middle school, the title and deeds pertaining to Sharon Brown's residence held in joint tenancy with Robert Brown, and personal information about Misty and Mitchel Brown such as whether either had email accounts in their youth and their feelings about Robert Brown's current wife and their

children. Misty Brown alleges that such questioning is not relevant to any claim or defense herein and asserts that defense counsel's questions were posited to annoy, embarrass and attempt to intimidate her. (Mot. at ¶¶ 11-13.)

In defense of his questioning, Robert Brown sets forth a litany of complaints about his ex-wife and her alleged influence over Misty and Mitchel Brown at or near the time of Sharon Brown's death, including Sharon Brown's relationships with the various family members, and recites details about incidents that happened at the time of Sharon Brown's death that have absolutely nothing to do what did or did not transpire at the Wachovia Bank on or about December 8, 2008. (Resp. at ¶¶ 2-8.) Robert Brown states, as justification for his line of questioning, "Misty Brown's motives in filing this lawsuit as well as the criminal complaint, and the involvement of others in the filing of the criminal charges as well as the filing of this complaint without evidence is a proper inquiry during discovery that is calculated to lead to the discovery of admissible evidence." (Resp. at 4.) This court disagrees.

> The scope of evidence that is subject to discovery under the federal rules is broad:
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P 26(b)(1). Within this framework, however, the Court may limit discovery upon a showing of good cause, to "protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The court may, among other actions, forbid the disclosure or discovery, specify terms for the disclosure or discovery, forbid inquiry into certain matters, or limit the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1).

The court agrees that to some extent the actions of persons involved in this case shortly before and after December 8, 2008, including communications whether by electronic means or otherwise, could lead to the discovery of admissible evidence. However, the inquiry into the mental state of Sharon Brown ends at that point. Again, the issues in this case, although tangentially related to the issues in the probate case, are very different in nature and scope. The actions in dispute in this case occurred years before Sharon Brown decided to change her Will to the detriment of Robert Brown. Evidence of other assets discussed and resolved by the probate court have nothing to do with whether a lawful change of beneficiary of the IRA was made by Sharon Brown in 2008 and whether the bank, now defendant Wells Fargo, mishandled the attempted transaction. It is crystal clear to this court that Robert Brown is attempting to re-litigate the issues resolved against him by the probate court in this new federal forum and also is attempting to develop evidence which he may use in a new Kansas lawsuit regarding disposition of Sharon Brown's farmland in that state. The court will not tolerate further abuse of the discovery process in this manner.

It is therefore **ORDERED**

"Plaintiff Misty Brown's Motion for Protective Order" [Doc. No. 43] is GRANTED. At any continuation of her deposition, Misty Brown shall not be interrogated on any matters not central to the issues set forth by the court, *infra*. Any further attempt by counsel for Robert Brown to inquire into matters which have already been heard, litigated, and resolved in the probate action will result in the deposition of Misty Brown being summarily terminated with no opportunity to depose this plaintiff further.

Dated this 2nd day of December, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge