IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-00517-WYD-KMT

MISTY BROWN and
MITCHEL BROWN,

     Plaintiffs,

v.

ROBERT ALAN BROWN, an individual and
WELLS FARGO BANK, NATIONAL ASSOCIATION, a foreign corporation,

     Defendants.

## ORDER

I.     INTRODUCTION AND BACKGROUND

THIS MATTER is before the Court on Defendant Robert Alan Brown's Motion for Summary Judgment, filed October 6, 2011 [ECF No. 41] in which Defendant Brown seeks summary judgment in his favor on Plaintiffs' claim for civil theft pursuant to C.R.S. § 18-4-404.

Upon review of the statements of facts submitted by both parties in connection with the summary judgment motions and briefing, I find that the vast majority of the facts are undisputed.  I will summarize below those facts which I deem pertinent to my ruling. I have, however, construed all of the facts in the light most favorable to Plaintiffs as I must for purposes of this summary judgment motion.  *See Carolina Cas. Ins. Co. v. Yeates*, 533 F.3d 1202, 1204 (10th Cir. 2008).

On March 2, 2004, Sharon Brown executed an IRA form designating her son, Defendant Robert Alan Brown, as her beneficiary. On or about December 8, 2008, Plaintiff Misty Ann Brown, granddaughter of Sharon Brown, accompanied Mrs. Brown to Wachovia Bank where she witnessed Mrs. Brown execute a Change of Beneficiary form, changing the beneficiary designation on the IRA to her grandchildren, Plaintiffs Mitchel Brown and Misty Ann Brown. After Mrs. Brown's death in June 26, 2010, Defendant Robert Brown contacted the Defendant Bank (now Wells Fargo Bank, N.A.) and was informed by the Bank that he was the beneficiary of Mr. Brown's IRA. He then went to the Wells Fargo Branch in Albuquerque, New Mexico and opened a traditional IRA as the beneficiary of Sharon K. Brown.

Neither of the Plaintiffs informed their father, Defendant Brown, about the change in beneficiary designation between December 2008, and the time of Mrs. Brown's death. Between June 26, 2010, and March 11, 2011, Plaintiff Misty Brown did not contact Wells Fargo to find out why the beneficiary change had not been made. Katrina Jones, a Special Administrator at Mrs. Brown's probate case, investigated ownership of the IRA and informed Plaintiffs that Defendant Robert Brown was the beneficiary of the IRA. Plaintiff Misty Brown admits that because she assumed that the beneficiaries of the IRA had been changed, she likewise assumed that Defendant Robert Brown had stolen the IRA funds.

Ms. Anna Harris, Branch Manager for Wells Fargo, testified at deposition that her handwriting appears on the Change in Beneficiary form and on Mrs. Brown's passbook. Plaintiffs assert that while the change in beneficiary was "effectuated" on December 8,

2008, for an unknown reason the paperwork for the IRA beneficiary change was not processed by Wells Fargo. Defendant Brown disputes this fact and notes that there is no documentation that the change in beneficiary was ever "effectuated" by the Bank. However, both Plaintiffs and Defendant Brown agree that the paperwork for the beneficiary change was not processed by the Bank.

II.     ANALYSIS

   A.     Summary Judgment Standard

Summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The burden of showing that no genuine issue of material fact exists is borne by the moving party. *E.E.O.C. v. Horizon/ MS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead bring forward "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Fed. R. Civ. P. 56(e) requires that a nonmoving party's evidence be "identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992).

In reviewing a summary judgment motion, the court must view the evidence in the light most favorable to the nonmoving party. *Anaya v. Crossroads Managed Care Systems, Inc.*, 195 F.3d 584, 590 (10th Cir. 1999). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

      B.    <u>Plaintiffs' Civil Theft Claim</u>

Colo. Rev. Stat. § 18-4-401, *et seq.*, states that "(1) a person commits theft when he knowingly obtains or exercises control over anything of value of another without authorization, or by threat or deception, and: (a) intends to deprive the other person permanently of the use or benefit of the thing of value." The Colorado Supreme Court has interpreted this statute to require proof of two culpable mental states: (1) that the defendant knowingly obtained control over the owner's property without authorization; and (2) that he or she did so with the specific intent to permanently deprive the owner of the benefit of the property. *Itin v. Ungar*, 17 P.3d 129, 134 (Colo. 2000).

Defendant Robert contends, and I agree, that there is no evidence in the record that he "knowingly" exercised control of the IRA without authorization because at the time he contacted Wells Fargo and gained control over the IRA funds, he believed he was the rightful beneficiary of the IRA. It is undisputed that Defendant Brown was unaware that Mrs. Brown went to Wells Fargo in December, 2008, to change the beneficiary of the IRA from Defendant Brown to Plaintiffs. It is undisputed that neither of the Plaintiffs informed Defendant Brown of this fact prior to filing the instant lawsuit. It is equally undisputed that Wells Fargo never processed any change in beneficiary to the

-4-

IRA.[1]  Finally, it is undisputed that following Mrs. Brown's death, Wells Fargo informed Defendant Brown that he was the beneficiary of the IRA.  I find Defendant Brown has met his burden of demonstrating the lack of any genuine issue of material fact with respect to whether he "knowingly" obtained control over the IRA without authorization and with the specific intent to deprive Plaintiffs of the IRA funds.  *See Itin v.Ungar*, *supra*.  Therefore, the burden shifts to Plaintiffs to come forward with "specific facts showing that there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, *supra*.

Plaintiffs note that Defendant Brown testified in his deposition that he was present in Mrs. Brown's house for eight to ten days in June 2010, and that during that time he went through some of Mrs. Brown's files, and saw the passbook for the IRA.  On the inside of the passbook, the typed words "Bene of Robert A. Brown" are crossed out, and the handwritten notation "changed 12/8/08" is inserted.  However, contrary to Plaintiffs' assertion, it is not clear from Defendant Brown's deposition testimony that he saw the notation at that time.  Moreover, even assuming Defendant Brown was aware of the notation in the passbook in June 2010, this does not demonstrate that he "knew" he was not the beneficiary of the IRA at that time.  Viewed in isolation, the meaning of the handwritten notation is unclear.  Moreover, Defendant Brown testified that he believed the notation was in reference to his father - Robert Author Brown, and that the

---

[1] Plaintiffs assert that while the paperwork for the IRA beneficiary change was not processed by Wells Fargo, the change of beneficiary on the term account was nevertheless "effectuated" on December 8, 2008.  For purposes of this motion, I need not determine whether a change of beneficiary was actually "effectuated" in December, 2008, because there is no evidence that Defendant Brown knew about Mrs. Brown's attempt to change the beneficiary on the IRA until the filing of this lawsuit.

only basis on which he asserted his right to the IRA was the information provided to him by Wells Fargo.

Plaintiffs also attempt to create an issue of material fact by highlighting Defendant Brown's refusal to return the IRA funds to them immediately following Ms. Harris's deposition. Plaintiffs note following Ms. Harris' deposition in September, 2011, Wells Fargo requested that Defendant Brown return the IRA funds in exchange for other consideration to be paid by Wells Fargo. At that time, Defendant Brown refused to return the funds.[2] However, this fact is not material to the issue of Defendant Brown's liability because the civil theft statute focuses on a defendant's specific intent at the time of the deprivation. The fact that Defendant Brown continued to hold the property at issue during the course of this litigation is not evidence that he initially acquired the IRA with the specific intent to permanently deprive Plaintiffs of their property.

I find that Plaintiffs have failed to establish the existence of a genuine issue of fact as to whether Defendant Brown knowingly obtained control over the IRA without authorization and with the specific intent to permanently deprive them of the IRA funds. Therefore, I find that Defendant Brown is entitled to summary judgment in his favor as to Plaintiffs' claim for civil theft.

---

[2]I note that shortly thereafter, in November, 2011, Defendant Brown and Wells Fargo reached a settlement agreement whereby Defendant Brown agreed to sign necessary documents to have the IRA transferred into two IRAs for the benefit of the Plaintiffs. Plaintiffs have filed an "objection" to Defendant's Reply objection to all references of settlement as being in violation of Fed. R. E. 408(a). I find that the evidence is not offered to prove liability for or invalidity of a claim or its amount, but rather to show Defendant Brown's state of mind. *Daviscourt v. Columbia State Bank*, 2008 WL 1806192 at *3-4 (D. Colo., Apr. 21, 2008) (unreported). However, even if I were to disregard this evidence, I nevertheless find that Plaintiffs have failed to create a genuine issue of material fact.

III.       <u>CONCLUSION</u>

For the reasons set forth herein, it is hereby

ORDERED that Defendant Robert Alan Brown's Motion for Summary Judgment, filed October 6, 2011 [ECF No. 41] is **GRANTED**, and all claims and causes of action asserted against Defendant Brown are dismissed.

Dated: May 29, 2012

                                BY THE COURT:

                                <u>s/ Wiley Y. Daniel</u>
                                Wiley Y. Daniel
                                Chief United States District Judge